**No. 22-2825**
**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

| | | |
|---|---|---|
| Jason Burns, | ) | Appeal from Northern District of |
| | ) | Illinois, Eastern Division |
| Plaintiff-Appellant, | ) | Case no. 1:19 cv 05258 |
| | ) | |
| v. | ) | District Judge |
| | ) | Honorable Steven Charles Seeger |
| Sherwin-Williams Company, | ) | |
| | ) | Notice of Appeal: 10/14/22 |
| Defendant-Appellee. | ) | |
| | ) | Date of Judgment:  9/18/22 |

---

**PLAINTIFF-APPELLANT'S APPEAL REPLY BRIEF**

---

**Thomas A. Kelliher**
**HORWITZ, HORWITZ & ASSOCIATES, LTD.**
*Attorneys for the Plaintiff-Petitioner*
25 East Washington Street, Suite 900
Chicago, Illinois 60602
(312) 372-8822
tom@horwitzlaw.com

# **Table of Contents**

Argument ........................................................................................................1

I.  Defendant's Reliance upon *Lucasey v. Plattner* Does Not Negate the Application of the Deliberate Encounter Exception ...............................................1

II.  Defendant's Reliance upon *Price v. CK Brush Plumbing*—<u>an Unpublished Opinion</u>—Likewise Does Not Negate the Application of the Deliberate Encounter Exception ................................................................................4

4891-3922-8760, v. 1

# **Table of Authorities**

Lucasey *v. Plattner*, 2015 IL App (4th) 140512 .................................................. 1-3

*Price v. CK Brush Plumbing, LLC*, 2022 IL App (4th) 220108-U ...................... 4-6

*Ralls v. Village of Glendale Heights*, 233 Ill.App.3d 147
(2d Dist. 1992) ........................................................................................................3, 4

4896-0931-8488, v. 1

**ARGUMENT**

    **I.**    **Defendant's Reliance upon *Lucasey v. Plattner* Does Not Negate the Application of the Deliberate Encounter Exception.**

Defendant Sherwin Williams relies upon *Lucasey v. Plattner*, 2015 IL App (4th) 140512—a case clearly distinguishable from the instant appeal.

In *Lucasey*, the plaintiff was a self-employed, real-estate appraiser who fell off a retaining wall at the house of the defendant private residential home-owner, injuring himself. 2015 IL App (4th) 140512, ¶¶5-7. Defendant Sherwin-Williams relies upon *Lucasey* to support its contention that the deliberate-encounter exception does not apply to the pending case. (See Def. App. Brf., pp. 18-19). But there are critical fact and legal distinctions between *Lucasey* and the Burns case.

First, in *Lucasey*, the plaintiff appraiser had been hired by a Bank, not the defendant homeowner, and the defendant homeowner had not provided the plaintiff with any direction or requests whatsoever regarding the appraiser's work, *id*. at ¶5; where in the pending case, Defendant's Bahena requested Burns to perform the work and Sherwin-Williams expected Burns to perform said work, (Doc.#104-2, PageID#1362-65, 1369, 1370, 1375-76). Next, the *Lucasey* plaintiff appraiser chose the time of his appraisal and the manner for conducting that appraisal, *id*. at ¶42; here, Plaintiff Burns was required to make the delivery and required to perform the walkie forklift work, and was equally compelled to exit the warehouse in reverse down the white concrete apron ramp because of the cramped condition of the small warehouse (in large part due to the loaded pallets of Sherwin-Williams product placed in the warehouse), (Doc.#104-2, PageID#1362-65, 1369, 1370, 1375-76; Doc.#104-8, PageID#2073-74). And in applying the four (4)-factor duty test, the *Lucasey* Court found that the magnitude and consequence of imposing on a

private homeowner the burden of constructing and building a barrier structure at the retaining wall did not justify the expense of that burden under the facts there, *id*. at ¶45; but here, the burden on a commercial business of not laying oversized pallets "flat" in the work/loading dock area is absolutely negligible, as discussed in Plaintiff's primary Appeal Brief, pp. 32-34.

More to the point, the appellate court in *Lucasey* confirmed that "the focus with the deliberate-encounter exception is on what the possessor of land <u>anticipates</u> or should <u>anticipate</u> the entrant will do." 2015 IL App (4th) 140512, ¶41 (emphasis added). As mentioned above, the defendant (a private homeowner) in *Lucasey* had not employed or contracted with the plaintiff and had not met or spoken to the plaintiff before the day of the occurrence; there was no evidence that the private homeowner had any idea on how the plaintiff appraiser would conduct his work or what was required of the appraiser at the home; and there was no evidence that the private homeowner knew that the plaintiff needed to walk and work on or near the retaining wall. *Id*., ¶5-6.

As laid out in detail in Plaintiff Burns' primary Appeal Brief, the opposite is true in the instant appeal. It was Defendant Sherwin Williams' expectation that Plaintiff and the other truck drivers would use the walkie forklift to perform the loading and unloading work; Plaintiff's employer required Plaintiff and the other truck drivers to do this work; and Defendant knew, or should have known, as their small storeroom became more and more loaded with product, both its staff and the truck drivers would be required to exit the warehouse in reverse. (P. App. Brf., pp. 25-26). Most significant, Defendant knew that its workers and the truck drivers would be walking, working, and operating the walkie forklift in the immediate vicinity of the flat-laying oversized pallets—clear

tripping hazards as recognized by the trial court and defense counsel. (P. App. Brf., pp. 26, 27). As the *Lucasey* Court reiterated "the focus with the deliberate-encounter exception *is on what the possessor of land <u>anticipates</u> or should <u>anticipate</u> the entrant will do.*" 2015 IL App (4th) 140512, ¶41 (emphasis added). Defendant Sherwin Williams certainly should have "anticipated" that its staff and the truck drivers were required to work in the immediate area of the flat-laying oversized pallets—a known tripping hazard.

Defendant Sherwin Williams, as well as the trial court, seem to take the position that for the deliberate encounter exception to apply, Defendant would have to be able to predict the exact manner and circumstance in which a plaintiff encounters the tripping hazard. That is not required under Illinois law. All that is required is that Defendant know, or reasonably should know, that its workers and truck drivers would work, walk, and operate the walkie forklift in the immediate vicinity of the flat-laying oversized pallet in performing their job duties. Stated simply, all that is required is that "it was reasonably foreseeable that workers at the site" would encounter the dangerous condition. *Ralls v. Village of Glendale Heights*, 233 Ill.App.3d 147, 149-51, 155-56 (2d Dist. 1992) ("it was reasonably foreseeable that workers at the site would use the earthen incline [covered with ice and snow] … rather than using the longer and inconvenient [and safer] perimeter path").

Further, if this Court were to accept the trial court's and Defendant's position here, Defendant could arguably position the pallet anywhere in the work area, including in the middle of the loading ramp, and because the pallet was "open and obvious," the workers would just be required to see and avoid the hazard by travelling on either side of the flat-laying pallet, so as to avoid the hazard. Even under this scenario, according to

the trial court's and Defendant's rationale, the deliberate encounter exception would not apply and there would be no duty owed to Plaintiff. But this is not the law in Illinois.

The *Lucasey* decision does not justify summary judgment in the instant appeal.

### II.  Defendant's Reliance upon *Price v. CK Brush Plumbing*—an Unpublished Opinion—Likewise Does Not Negate the Application of the Deliberate Encounter Exception.

Like the trial court, Defendant Sherwin Williams fails to address or even mention Plaintiff's cited case of *Ralls v. Village of Glendale Heights*. In *Ralls*, the Illinois Appellate Court made clear that it was reasonably foreseeable that the workers there "would use the shortest path," through snow and ice, to get to their destination—rather than using the safe path to the destination. 233 Ill.App.3d at 149-51, 155-56. Instead of dealing with *Ralls*, Defendant cites to the unpublished case of *Price v. CK Brush Plumbing, LLC*, 2022 IL App (4th) 220108-U—a case clearly distinguishable from the instant appeal.

In *Price*, the plaintiff's decedent was experiencing a sewage blockage problem at his home and contracted with the defendant plumbing contractor, who ultimately dug a big hole on the decedent's home property. The hole was 6 feet deep and 6 feet by 6 feet wide. After the hole was dug, the defendant put up an OSHA-compliant, orange construction fence, with caution tape, around the hole. The plaintiff (son of decedent) and the decedent (and not the defendant) eventually installed a sump pump inside the hole. Several months later, the decedent was found lying dead at the bottom of the hole. No one knew how the decedent "ended up in the hole before he died." 2022 IL App (4th) 220108-U, ¶¶2, 10, 16, 19.

In considering the deliberate encounter exception, the *Price* Court found that there was no basis for the application of the deliberate encounter exception as the record "lacked any information about how or why [decedent] encountered the hole on the fateful day, and it would be complete speculation to suggest that he ended up in the hole as the result of a deliberate decision." *Id.* at ¶39.

In this unpublished opinion, the Court went on to state, in *dicta*, that even had the decedent deliberately encountered the hole, there was no evidence for the defendant "to have anticipated" that decedent would have deliberately encountered the hole where all decedent had to do to check if the pump was still working was to walk near the hole—and not even close to the hole—to hear the pump running. *Id.* at ¶¶17, 40 (emphasis added). Moreover, there was absolutely no evidence that decedent was somehow compelled to encounter the hole to avoid his home filling with sewage: There was no evidence that decedent's home was threatened with sewage at or near the day of the incident, and in fact, the evidence was that the pump was operational on the day in question. *Id.* at ¶42. The Court concluded: "Simply put, there is no evidence decedent made, or was required to make, a deliberate choice to proceed in the face of a danger presented by the hole." *Id.*

The facts of the unpublished opinion in *Price* are nothing like the present appeal. Not only does Defendant Sherwin Williams cite to an unpublished opinion, but it cites to a deliberate encounter decision that did not involve a plaintiff worker "economically compelled" to complete his or her job duties. More significant, in *Price*, there was absolutely no evidence as to how decedent's dead body even ended up in the hole, and there was no evidence demonstrating in any fashion any reason why the decedent would

have to encounter the hole that day. In direct contract to the facts in *Price*, the instant appeal involves a plaintiff worker economically compelled to complete his job duties, and a case where there is direct evidence as to how Plaintiff encountered the danger of the flat-laying oversized pallets. Indeed, Plaintiff Jason Burns was required to work, walk, and operate the walkie forklift in the immediate vicinity of the flat-laying oversized pallets during the course of the loading and unloading work. Under these facts, Defendant Sherwin Williams certainly should have "anticipated" that Plaintiff, along with the other staff and drivers, would encounter the tripping hazards of the flat-laying, oversized pallets in the work area. *See Price*, 2022 IL App (4th) 220108-U, ¶40 (evaluating whether any evidence that defendant "<u>should have anticipated</u>" that the plaintiff would encounter the danger) (emphasis added).

Defendant's reliance upon the *Price* unpublished opinion does not justify summary judgment.

/s/Thomas Kelliher_____
One of Plaintiff's Attorneys

Thomas A. Kelliher
**HORWITZ, HORWITZ & ASSOCIATES, LTD.**
25 E. Washington, Suite 900
Chicago, Illinois  60602
remote work cell (312) 330-7469
fax (312) 372-1673
tom@horwitzlaw.com

**No. 22-2825**
**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

| | | |
|---|---|---|
| Jason Burns, | ) | Appeal from Northern District of |
| | ) | Illinois, Eastern Division |
|     Plaintiff-Appellant, | ) | Case no. 1:19 cv 05258 |
| | ) | |
| v. | ) | District Judge |
| | ) | Honorable Steven Charles Seeger |
| Sherwin-Williams Company, | ) | |
| | ) | Notice of Appeal: 10/14/22 |
|     Defendant-Appellee. | ) | |
| | ) | Date of Judgment: 9/18/22 |

## NOTICE OF FILING

TO: See attached service list

PLEASE TAKE NOTICE that on **_March 20, 2023_**, we filed with the Clerk of the United States Court of Appeals for the Seventh Circuit of Illinois, the Plaintiff-Appellant's Appeal Reply Brief and its attachments and notices, attached hereto and made part hereof.

                            *Thomas Kelliher*

                            Thomas Kelliher
                            **Horwitz, Horwitz, and Associates, LTD.**
                            25 E. Washington, Suite 900
                            Chicago, IL 60602
                            Office: (312) 372-8822
                            email: clmail@horwitzlaw.com

**No. 22-2825**
**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

| | | |
|---|---|---|
| Jason Burns, | ) | Appeal from Northern District of |
|  | ) | Illinois, Eastern Division |
|     Plaintiff-Appellant, | ) | Case no. 1:19 cv 05258 |
|  | ) |  |
| v. | ) | District Judge |
|  | ) | Honorable Steven Charles Seeger |
| Sherwin-Williams Company, | ) |  |
|  | ) | Notice of Appeal: 10/14/22 |
|     Defendant-Appellee. | ) |  |
|  | ) | Date of Judgment: 9/18/22 |

## **CERTIFICATE OF SERVICE**

To:  See attached service list

I, the undersigned certify and state that on the 20th day of March, 2023, I served the foregoing Plaintiff-Appellant's Appeal Reply Brief, attached notices and documents by electronically mailing a copy to each person to whom it is directed.


Date:  <u>March 20, 2023</u>            By:  <u>/s/ Thomas A. Kelliher</u>
                                                                Thomas A. Kelliher
                                                                **Horwitz, Horwitz, and Associates, LTD.**
                                                                25 E. Washington, Suite 900
                                                                Chicago, IL  60602
                                                                Office: (312) 372-8822
                                                                email:  tom@horwitzlaw.com
                                                                               clmail@horwitzlaw.com

**SERVICE LIST**

To:  Elsa Buss, Esq. and John Kohnke, Esq.
    Hawkins Parnell & Young LLP
    Attorney for The Sherwin-Williams Company
    300 N. LaSalle, Suite 5525
    Chicago, IL  60654
    email:  ebuss@hpylaw.com
    email  jkohnke@hpylaw.com
     (30659)

To:  Peter Jacxsens, Esq.
    Hawkins Parnell & Young, LLP
    Attorney for The Sherwin-Williams Company
    303 Peachtree St., NE
    Atlanta, GA  30308
    email:  pjacxsens@hpylaw.com
    (30659)